IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| VERONICA E. SPANN | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| | ) | |
| SANTANDER CONSUMER USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR VIOLATIONS OF 47 U.S.C. § 227 *et seq*. THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**COMES NOW,** VERONICA E. SPANN (Plaintiff), and sues Defendant, SANTANDER CONSUMER USA, INC., (Defendant), an automobile lender and servicer, and alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action pursuant to Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

**PARTIES**

3. Plaintiff, VERONICA E. SPANN is a natural person and resident of Bibb County, State of Georgia, and is a "consumer" as that term is defined by 15

U.S.C. § 1692a(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1).

4. Defendant Santander Consumer USA, Inc., ("Santander") is a corporation engaged in the business of collecting debts in Georgia, with its principal place of business located at 8585 N. Stemmons Freeway 1100N, Dallas, TX 75247. Santander's registered service agent in Georgia is CT Corporation System and may be served at 1201 Peachtree Street, NE Atlanta, Georgia 30361. Santander is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

6. The Defendant's communications set forth below were made only to exhaust the Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and

persuasion and negotiation failed, as demonstrated by Debtor expressly communicating to the Defendant to stop calling her.

7. The Defendant's communications set forth below are wholly without excuse.

8. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

9. Debtor is alleged to owe Defendant Santander a debt of (the "Alleged Debt") on an auto loan.

10. Defendant made multiple collection calls each day on multiple days in multiple weeks over multiple months from January, 2011 through present (the "Collection Calls") to Debtor and Debtor's extended family attempting to collect the Alleged Debt.

11. Defendant made multiple Collection Calls to Debtor's cell phone

every week.

12. Defendant made multiple Collection Calls to Debtor's cell phone every week after Debtor told Defendant to stop calling her.

13. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

14. The natural consequence of Defendant's illegal telephone calls to Plaintiff's cellular telephone number is to harass, oppress or abuse the Plaintiff.

15. Defendant's telephone calls violate the Fair Debt Collection Practices Act.

16. Defendant's telephone calls violate the Telephone Consumer Protection Act.

## COUNT I

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et. seq.***

17. The Plaintiff hereby incorporates all of the above allegations as if specifically set forth verbatim herein.

18. Defendant, in the conduct of their business, use an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtors.

19. Section 47 U.S.C. § 227(b)(J)(A)(iii) provides in pertinent part: It shall be unlawful for any person within the United States –

> (A) to make any call using any automatic telephone system or an artificial or prerecorded voice --
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

20. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant: (1) made multiple collection calls each day on multiple days in multiple weeks over multiple months to Debtor attempting to collect the Alleged Debt; (2) made multiple Collection Calls to Debtor's cell phone each week, for a total of more than fifty Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling her; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; and (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling her regarding the Alleged Debt; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal

cell phone after Debtor told Defendant that Defendant did not have permission to call Debtor.

21.   Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system after Debtor told Defendant that Defendant did not have permission to call Debtor.

22.   All conditions precedent to this action have occurred, have been satisfied or have been waived.

23.   As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

24.   Based upon the willful, knowingly, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this court to enter a judgment

against the Defendant:

    a)    That Plaintiff be awarded statutory damages;

    b)    That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

    c)    That the Court declare each and every defense raised by Defendant to be insufficient; and

    d)    That the Court grant such further and additional relief as is just and right under the circumstances.

Respectfully submitted this 21st day of June, 2013.

                                                    WINDHAM & ASSOCIATES, P.C.

                                                    _____/S/_____
                                                    Ben F. Windham
                                                    GA Bar No. 770195
                                                    Attorney for Plaintiff

Windham & Associates, P.C.
239 Village Center Pkwy., Ste. 170
Stockbridge, Georgia 30281
(678) 565-8686
(678) 565-8949

## FONT AND POINT CERTIFICATION

Under Local Rule 7.1D, Plaintiff's counsel certifies that this COMPLAINT has been prepared using double-spaced Times New Roman at 14 point, unless otherwise permitted by Local Rule 5.1C.

Respectfully submitted this 21st of June, 2013.

                                            WINDHAM & ASSOCIATES, P.C.

                                            _____/S/_____
                                            Ben F. Windham
                                            GA Bar No. 770195
                                            Attorney for Plaintiff

**Windham & Associates, P.C.**
239 Village Center Pkwy., Ste. 170
Stockbridge, Georgia 30281
(678) 565-8686
(678) 565-8949